FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2012 MAR 12  PM 4: 37

------------------------------------------------------------------------X

DEVANTE BROWN,

**CV 12** U.S. DISTRICT COURT **1214**
EASTERN DISTRICT
OF NEW YORK

**COMPLAINT**

Plaintiff,

Docket No.

-against-

Jury Trial Demanded

CITY OF NEW YORK, MICHAEL ALFIERI, Individually,
ANDRE DESIMONE, Individually, and JOHN and JANE DOE
1 through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

**KUNTZ, J.**

Defendants.

**GO, M.J.**

------------------------------------------------------------------------X

Plaintiff DEVANTE BROWN, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

**SUMMONS ISSUED**

### Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.  Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff DEVANTE BROWN is a nineteen year old African American male who resides in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants MICHAEL ALFIERI, ANDRE DESIMONE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.    On June 2, 2010, at approximately 7:00 p.m., plaintiff was lawfully present in the vicinity of South Avenue and Forest Avenue, when defendant NYPD officers unlawfully stopped, detained, searched and arrested plaintiff by placing handcuffs on his wrists.

13.    The defendant officers thereafter transported plaintiff to the 120th police precinct stationhouse and imprisoned plaintiff therein.

14.    The defendants imprisoned plaintiff until June 3, 2010, at approximately 5:30 p.m., when they released plaintiff without charging plaintiff with violating any crimes or statutes via the determination of the District Attorney's Office that the plaintiff did nothing illegal.

15.    Defendant DESIMONE supervised defendant ALFIERI and JOHN and JANE DOE 1 through 10 and approved of, oversaw, and otherwise presided over the arrest and prosecution of the plaintiff.

16.    The defendant NYPD officers MICHAEL ALFIERI, ANDRE DESIMONE, and JOHN and JANE DOE 1 through 10 either participated in and/or failed to intervene in the illegal conduct described herein.

17.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation: the inadequate screening, hiring, retaining, training and supervising of its employees; and due to discrimination against plaintiff due to his race and/or nationality.

18.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the requirements of

3

probable cause when arresting individuals.

19.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

20.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise him.

21.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

22.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

24.     All of the aforementioned acts deprived plaintiff DEVANTE BROWN, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

4

25.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

26.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

27.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

28.     As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     Defendants arrested plaintiff DEVANTE BROWN without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

31.     Defendants caused plaintiff DEVANTE BROWN to be falsely arrested and unlawfully imprisoned.

5

32.   As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

33.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.   Defendants had an affirmative duty to intervene on behalf of plaintiff DEVANTE BROWN, whose constitutional rights were being violated in their presence by other officers.

35.   The defendants failed to intervene to prevent the unlawful conduct described herein.

36.   As a result of the foregoing, plaintiff DEVANTE BROWN'S liberty was restricted for an extended period of time, he was put in fear of their safety, and he was humiliated and subjected to handcuffing and other physical restraints.

37.   As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

38.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.   The defendants falsely arrested and unlawfully imprisoned plaintiff DEVANTE

6

BROWN because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

40.    As a result of the foregoing, plaintiff DEVANTE BROWN was deprived of his rights under the Equal Protection Clause of the United States Constitution.

41.    As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

42.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.    The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

44.    As a result of the foregoing, plaintiff DEVANTE BROWN was deprived of his liberty and right to substantive due process, causing emotional injuries.

45.    As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

46.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

7

paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

48.     As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting individuals without probable cause for improper motives. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DEVANTE BROWN'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately

8

indifferent to, the acts and conduct complained of herein.

52.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DEVANTE BROWN.

53.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DEVANTE BROWN as alleged herein.

54.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DEVANTE BROWN as alleged herein.

55.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff DEVANTE BROWN was unlawfully arrested, illegally searched, and unlawfully imprisoned.

56.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DEVANTE BROWN'S constitutional rights.

57.     All of the foregoing acts by defendants deprived plaintiff DEVANTE BROWN of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from the failure to intervene; and

        D.     To receive equal protection under law.

58.     As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### Supplemental State Law Claims

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

61.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

62.     This action was commenced within one (1) year and ninety (90) days of the age of majority of the plaintiff, who was a minor at the time of the incident.

63.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

64.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

10

66.    Defendants arrested plaintiff DEVANTE BROWN without probable cause.

67.    Plaintiff were detained against his will for an extended period of time and subjected to physical restraints.

68.    As a result of the aforementioned conduct, plaintiff DEVANTE BROWN was unlawfully imprisoned in violation of the laws of the State of New York.

69.    As a result of the aforementioned conduct, plaintiff DEVANTE BROWN suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

70.    As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

71.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.    As a result of the foregoing, plaintiff DEVANTE BROWN was placed in apprehension of imminent harmful and offensive bodily contact.

73.    As a result of defendants' conduct, plaintiff DEVANTE BROWN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

74.    As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

11

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

75.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.    Defendants made offensive contact with plaintiff DEVANTE BROWN without privilege or consent.

77.    As a result of defendants' conduct, plaintiff DEVANTE BROWN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

78.    As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

79.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

81.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

82.    The aforementioned conduct was committed by defendants while acting in

12

furtherance of their employment by defendant CITY OF NEW YORK.

83.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff DEVANTE BROWN.

84.    As a result of the aforementioned conduct, plaintiff DEVANTE BROWN suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

85.    As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

86.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff DEVANTE BROWN.

88.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

89.    As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

13

attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff DEVANTE BROWN.

92.     As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

93.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

95.     As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

14

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

96.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

98.    As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

99.    As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

100.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    As a result of defendants' conduct, plaintiff DEVANTE BROWN was deprived of his right to equal protection of laws.

102.    As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

15

attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    As a result of defendants' conduct, plaintiff DEVANTE BROWN was deprived of his right to security against unreasonable seizures.

105.    As a result of the foregoing, plaintiff DEVANTE BROWN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

16

**WHEREFORE**, plaintiff DEVANTE BROWN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individually named defendants in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       March 12, 2012

<div style="margin-left:40%">

LEVENTHAL & KLEIN, LLP
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
    BRETT H. KLEIN (BK4744)

</div>

17